9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Francis L. HARRIGAN, Debtor/Appellant.
 No. 92-4087.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 18, 1993.
Rehearing and Rehearing En Banc Denied Dec. 15, 1993.
 
 Before BAUER and MANION, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Francis L. Harrigan filed a voluntary bankruptcy petition under Chapter 13 that was assigned to Judge Jack B. Schmetterer. Harrigan moved for Judge Schmetterer's recusal, 28 U.S.C. Sec. 455, accusing Judge Schmetterer and the judges of the Bankruptcy Court of conspiring to shut down production of strategic military parts during the Desert Storm War, participating in the October Surprise, and delaying release of the U.S. hostages in Iran, among other things. The motion was denied and Harrigan's bankruptcy petition was dismissed for failure to file a plan as required under 11 U.S.C. Sec. 1307(c)(3). Harrigan refused to file a plan until Judge Schmetterer recused himself from hearing his bankruptcy petition.
 
 
 2
 Harrigan appealed to the district court and moved for a continuance pursuant to 28 U.S.C. Sec. 455, alleging that the district court and Judge Rovner were disqualified due to prejudice and bias. Harrigan alleged that the judges of the Seventh Circuit, including Judge Rovner, condoned a wide range of conspiracies, including money-laundering schemes, and the treasonous imposition of martial law in Chicago via the intentional flooding of the underground downtown tunnels. Harrigan stated that he intended to petition the Chief Justice of the United States Supreme Court to assign a retired Associate Justice to hear his case. Judge Rovner denied Harrigan's motion to continue. Judge Anderson affirmed Judge Schmetterer's decision not to recuse himself, and the dismissal of Harrigan's bankruptcy petition.[1] Harrigan now appeals pro se before this court. Harrigan brings his appeal generally under Sec. 455.
 
 
 3
 Section 455(a) of the Judicial Code, 28 U.S.C. Sec. 455(a), requires a judge to recuse himself in any proceeding in which his impartiality might reasonably be questioned. United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir.1985), cert. denied, 475 U.S. 1095 (1986). When a judge denies a motion to disqualify himself under Sec. 455(a), the moving party's sole recourse is to apply to this court immediately for a writ of mandamus. Id. at 1205. Accordingly, Harrigan has waived appeal on all accusations questioning Judge Schmetterer's impartiality.
 
 
 4
 Section 455(b)(1) requires disqualification when the judge has a personal bias or prejudice concerning a party. United States v. Balistrieri, 779 F.2d at 1202. Among the farcical allegations raised by the appellant, we find one nonfrivolous claim falling under Sec. 455(b). Harrigan claims that he has been previously labeled a "tax protester," and argues that use of this "judicial epithet" creates significant doubt that justice could be served. Disqualification under Sec. 455(b) is for the benefit of the parties, and errors may be assigned on appeal as grounds of reversal. New York City Development Corp. v. Hart, 796 F.2d 976, 979 (7th Cir.1986) (discussing Secs. 144 and 455(b)). It is unclear whether Harrigan was in fact labeled a tax protester and by whom. In the bankruptcy proceeding Judge Schmetterer stated that he did not know Mr. Harrigan, and did not hold any prejudice towards him. Nothing in the record establishes otherwise. Accordingly, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The case was reassigned to Judge Anderson following Judge Rovner's appointment to this court